**BRADBURY, Plaintiff-Appellee, v. BRADBURY,
Defendant-Appellant.**

Ohio Appeals, Second District, Franklin County.

No. 4462.   Decided November 3, 1950.

Carlisle O. Dollings, Columbus, for plaintiff-appellee.
Donald S. McNamara, Columbus, for defendant-appellant.

## OPINION

By THE COURT.

This is an action for divorce on the ground of gross neglect of duty and extreme cruelty.  The answer sets forth that a prior petition based upon the same ground was dismissed, thereby condoning the acts complained of.  The record dis-

closes that on October 31, 1949, judgment was entered granting a divorce to the plaintiff upon both of the grounds set forth in the petition. The question of alimony was withheld for the reason that further investigation was to be made. On April 12, 1950, a judgment entry was filed denying the defendant-appellant alimony or support money. On April 17, 1950, a motion was filed seeking a vacation of both of the judgment decrees and also an order that a new trial be granted for the following reasons:

1. The final order and decree of the Court is not sustained by sufficient evidence.

2. The final order and decree of the Court is not sustained by the evidence.

3. The final order and decree of the Court is contrary to law.

4. Other errors of law occurring at the trial and excepted to by defendant.

The appeal is noted as one on law and fact but since this is not a chancery case it is not so appealable. This Court has jurisdiction only to consider the appeal on questions of law. Counsel for appellant apparently has so treated it, assigning the following errors:

1. The Court of Common Pleas erred in rendering judgment for the appellee and against the defendant-appellant.

2. The judgment of the Common Pleas Court is contrary to the evidence and is not supported by the evidence.

3. The judgment of the Common Pleas Court is contrary to law.

The record discloses further that the motion for new trial was overruled on May 12, 1950, and notice of appeal was filed on the same day directed to the judgment of April 12, 1950, which it will be noted is a decree denying alimony. There is no appeal from the judgment of October 31, 1949, granting the divorce, no motion for new trial having been filed within ten days, and no notice of appeal having been filed within twenty days from the date of the judgment, in compliance with §12223-7 GC. Therefore, we cannot consider any alleged error in this judgment. Since a valid divorce decree was granted to the husband by reason of the aggression of this appellant, it cannot be said that the denial of alimony and support money was contrary to law. Under §11993 GC she was entitled to an award of such share of the husband's property as may seem just, but she was not entitled to alimony. **Kristo v. Kristo, 23 Oh Ap 29.**

We find no error in the record and the judgment is affirmed.

MILLER, PJ, HORNBECK and WISEMAN, JJ, concur.